IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD RAGSDALE,

        Plaintiff/Counter Defendant,

v.

STACY TIMMER & JACOB TIMMER,

        Defendants/Counter Claimants.

Case No. 24-1170-DDC

**MEMORANDUM AND ORDER**

Plaintiff filed this case in the District Court of Phillips County, Kansas. Doc. 1-1 at 1. Defendants removed the case to federal court. Doc. 1 at 2–3. Plaintiff designated Wichita as the place of trial, Doc. 10, so the court set the trial in Wichita, Doc. 17 at 9. Defendants now have moved to designate Kansas City as the place of trial. Doc. 70 at 1.

Under D. Kan. Rule 40.2(e), the court isn't bound by a party's designated place of trial. Instead, the court may determine the place of trial "upon motion or in its discretion." D. Kan. Rule 40.2(e). When determining the proper place for trial, the court "generally look[s] to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a)." *Lopez-Aguirre v. Bd. of Cnty. Comm'rs*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014). Section 1404(a) grants "broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness." *ABF Freight Sys., Inc. v. McMillian*, No. 17-2324-JWL, 2018 WL 4154014, at *1 (D. Kan. Aug. 30, 2018). Cases from our court identify these factors as ones courts should consider when deciding where to designate the place of trial: "(1)

plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof, (4) the possibility of obtaining a fair trial, and (5) all other practical considerations that makes a trial easy, expeditious, and economical." *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *1 (D. Kan. Dec. 2, 2014) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The moving party bears the burden to establish that the existing forum is an inconvenient one. *Id.* Here, defendants face that burden and they must establish that "convenience and fairness" favor Kansas City over Wichita.

Defendants can't shoulder that burden. "The relative convenience of the forum is a primary, if not the most important, factor to consider in deciding a motion to transfer." *Walker v. Corizon Health, Inc.*, No. 17-2601-DDC-KGG, 2022 WL 1081188, at *3 (D. Kan. Apr. 11, 2022) (quotation cleaned up). Defendants concede that "the majority of Plaintiff's disclosed witnesses reside in or around Phillips County, Kansas." Doc. 70 at 1–2. Plaintiff has proffered that he disclosed 16 witnesses and defendants disclosed six witnesses. Doc. 71 at 2. Of those 22 witnesses, 15 have addresses in Phillips County or Smith County. *Id.* Phillips County is 233 miles from the federal courthouse in Wichita and 295 miles from the federal courthouse in Kansas City. Smith County is 204 miles from the federal courthouse in Wichita and 266 miles from the federal courthouse in Kansas City. So, for the majority of witnesses, Wichita is closer.

Defendants complain that they must "travel[] a long distance for this trial." Doc. 70 at 4. For what it's worth, Wichita is closer to defendants' home in Moffat County, Colorado than Kansas City. Defendants want to fly, however, and they claim that there are more flights from Denver to Kansas City. The court doesn't give any weight to this claim. There are plenty of

nonstop flights from Denver to Wichita.  The same is true for defendants' other witness from Colorado—Wichita is closer and has a perfectly fine airport.

Struggling for purchase, defendants claim that they have a witness from Iowa, which is, of course, closer to Kansas City than Wichita.  Doc. 70 at 4–5.  This witness is Casey Overton.  As the court has explained already in its Memorandum and Order on the parties' cross motions for summary judgment, the court doesn't consider Overton an important witness.  And, even if it agreed with defendants' characterization of Overton as "critical," the convenience of one witness can't outweigh the convenience of all the others.

The court thus denies defendants' request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Designate Kansas City as Place of Trial (Doc. 70) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of February, 2026, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**